Randolph Ramirez
1613 Chelsea Road, Ste. 186, San Marino, CA 91108
6263212404
6267840480
297928
rrr@4lawrrr.com

FOR COURT USE ONLY

☐ *Debtor appearing without attorney*
☑ *Attorney for Debtor*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| List all names (including trade names) used by Debtor within the last 8 years:<br>Armando Andrade<br><br><br>Debtor(s). | CASE NUMBER: 2:18-bk-18802-VZ<br>CHAPTER 13<br><br>**CHAPTER 13 PLAN**<br>☑ Original<br>☐ 1st Amened*<br>☐ 2nd Amened*<br>☐ 3rd Amened*<br>☐ __ Amened*<br>*List below which sections have been changed:<br>_____<br>[FRBP 3015(b); LBR 3015-1]<br><br>**11 U.S.C. SECTION 341(a) CREDITORS' MEETING**<br><br>DATE: 08/30/2018<br>TIME: 01:00 PM<br>ADDRESS: RM 1, 915 Wilshire Blvd., 10th Floor, , Los Angeles, CA 90017<br><br>**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br><br>DATE: 11/18/2019<br>TIME: 12:00 PM<br>ADDRESS: Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012 |

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                        Page 1                        F 3015-1.01.CHAPTER13.PLAN

EXHIBIT  A
PAGE  1 OF 10

5

## Part 1: PRELIMINARY INFORMATION

TO DEBTOR (THE TERM "DEBTOR" INCLUDES AND REFERS TO BOTH SPOUSES AS DEBTORS IN A JOINT BANKRUPTCY CASE): This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

TO ALL CREDITORS: This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. *See* LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

<u>The following matters may be of particular importance to you</u>
*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

1.1 Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3.A. and/or Section IV (11 U.S.C. § 506(a) and (d)):
☐ Included ☑ Not included

1.2 Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):
☐ Included ☑ Not included

1.3 Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:
☐ Included ☑ Not included

1.4 Other Nonstandard Plan provisions, set out in Section IV:
☐ Included ☑ Not included

ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a). Debtor, or Attorney for Debtor (if any), are solely responsible to object to a creditor's claim if Debtor deems it necessary. A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

## Part 2: PLAN TERMS

Debtor proposes the following Plan terms and makes the following declarations:

### Section I. PLAN PAYMENT AND LENGTH OF PLAN

A. Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

Payments by Debtor of:

$524.30 per month for months 1 through 60 totaling $31,457.99.
$____ per month for months ____ through ____ totaling ____.
$____ per month for months ____ through ____ totaling ____.

For a total plan length of 60 months totaling $31,457.99.

B. Nonpriority unsecured claims.

1. After Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata*. If more than one option is checked below, the option providing the largest payment will be effective. *Check all that apply.*

   a. ☑ "Percentage" plan: 25.00% of the total amount of these claims, for an estimated payment of $9,738.25.

   b. ☐ "Residual" plan: The remaining funds after disbursements have been made to all other creditors provided for in this Plan, estimated to pay $9,738.25 equivalent to 25.00% of these claims.

   c. ☐ "Pot" plan: The sum of $9,738.25 estimated to pay 25.00% of these claims.

2. Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the following amounts: (a) the sum of $0.00 representing the value of non-exempt assets that would have to be paid to nonpriority unsecured creditors if the bankruptcy estate of Debtor were liquidated under Chapter 7 (11 U.S.C. § 1325(a)(3)) and (b) if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of $548.08, representing all disposable income payable for 60 months.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                                        Page 2                                        F 3015-1.01.CHAPTER13.PLA

EXHIBIT ___A___
PAGE ___2___ OF _10_

C. Regular Plan payments to the Chapter 13 Trustee will be made in the future in the following manner: *Check all that apply:*

☐ Debtor will make Plan payments pursuant to a payroll deduction order.
[X] Debtor will make Plan payments directly to the Chapter 13 Trustee.
☐ Other (*specify method of payment*): _____

D. Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all income tax refunds in excess of $500 received during the Plan term.

E. In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP 3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

F. Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts.

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

G. Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

H. The Chapter 13 Trustee is authorized to disburse funds after the date the Plan confirmation is announced in open court.

I. Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

J. Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

K. If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

**Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in this Plan or by court order, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENT OF CLAIMS:

The order of priority of payment of claims will be:

**1st** Domestic Support Obligations, if any; the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date and Administrative expenses in this case until paid in full;

**2nd** Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims except as otherwise provided in this Plan.

**3rd** Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 3    F 3015-1.01.CHAPTER13.PLAN

EXHIBIT A
PAGE 3 OF 10

7

B. CLASSIFICATION AND TREATMENT OF CLAIMS

| CLASS 1 |
|---|

**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

Class 1 claims will be paid pro rata in the order set forth in Section II.A. above.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
|---|---|---|---|
| **a. Administrative Expenses** | | | |
| (1) Chapter 13 trustee's fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2) Attorney's Fees | $2,250.00 | | $2,250.00 |
| (3) Chapter 7 Trustee's Fees | | | |
| (4) Other | | | |
| (5) Other | | | |
| **b. Other Priority Claims** | | | |
| (1) Internal Revenue Service | $0.00 | 0.00 % | $0.00 |
| (2) Franchise Tax Board | $0.00 | 0.00 % | $0.00 |
| (3) Domestic Support Obligation | $0.00 | 0.00 % | $0.00 |
| (4) Other | $0.00 | 0.00 % | $0.00 |

Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to 11 U.S.C. §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months) (specify creditor name):

| | | | |
|---|---|---|---|
| | | | |

| CLASS 2 |
|---|

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE**

Check One.

☑ **None.** If "None" is checked, the rest of this form for Class 2 need not be completed.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION MORTGAGE PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017           Page 4           F 3015-1.01.CHAPTER13.PLAN

EXHIBIT A
PAGE 4 OF 10

8

## CLASS 3A

CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN.

Check One.

☑ **None.** If "None" is checked, the rest of this form for Class 3A need not be completed.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

## CLASS 3B

SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

Check One.

☑ **None.** If "None" is checked, the rest of this form for Class 3B need not be completed.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

EXHIBIT  A
PAGE  5 OF 10

9

## CLASS 4

OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE

Check One.

☑ **None.** If "None" is checked, the rest of this form for Class 4 need not be completed.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | POST-PETITION MORTGAGE PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

a. Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

b. Separate classification:

Check all that apply if Debtor poses any separate classification of nonpriority unsecured claims.

☑ **None.** If "None" is checked, the rest of this form for Class 5 need not be completed.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| | | | | |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

EXHIBIT ___A___
PAGE ___6___ OF _10_

10

## CLASS 6

### SURRENDER OF COLLATERAL

Check One.

☑ None. If "None" is checked, the rest of this form for Class 6 need not be completed.

| Creditor Name: | Description: |
|---|---|
|  |  |

## CLASS 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Check One.

☑ None. If "None" is checked, the rest of this form for Class 7 need not be completed.

Creditor Name:

Description:

☐ Rejected ☐ Assumed cure amount (if any):

Payments to be cured within ___ months of filing the bankruptcy petition. All cure payments will be made through the Chapter 13 Trustee.

Section III. PLAN SUMMARY

| | |
|---|---|
| CLASS 1a | $2,250.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $0.00 |
| CLASS 3A | $0.00 |
| CLASS 3B | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $9,738.25 |
| CLASS 6 | $0.00 |
| CLASS 7 | $0.00 |
| SUB-TOTAL | $11,988.25 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $2,194.74 |
| TOTAL PAYMENT | $31,457.99 |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

EXHIBIT A
PAGE 7 OF 10

11

Section IV. NON-STANDARD PLAN PROVISIONS

[X] None. *If "None" is checked, the rest of Section IV need not be completed.*

> WARNING: Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan.
>
> A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form of the United States Bankruptcy Court for the Central District of California, or any Plan provision deviating from this form.
>
> A nonstandard Plan provision is ineffective unless: (1) Debtor states it in this separate Section IV and; (2) Debtor checks off the applicable "Included" box in Paragraph 1.1., 1.2, 1.3 or 1.4. of Part 1 of this Plan.
>
> The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.

A. Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]

> Debtor will file a Motion to value real or personal property of the bankruptcy estate listed below and/or to avoid a lien pursuant to 11 U.S.C §506(a) and §506(d).
>
> Name of Creditor Lienholder/Servicer: _____
>
> Description of lien and collateral (e.g., 2nd lien on 123 Main St.): _____
>
> Name of Creditor Lienholder/Servicer: _____
>
> Description of lien and collateral (e.g., 2nd lien on 123 Main St.): _____

B. Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]

> Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.
>
> Name of Creditor Lienholder/Servicer: _____
>
> Description of lien and collateral (e.g., 2nd lien on 123 Main St.): _____
>
> Name of Creditor Lienholder/Servicer: _____
>
> Description of lien and collateral (e.g., 2nd lien on 123 Main St.): _____

C. Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien

Debtor proposes to modify the following secured claims and liens in this Plan without a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.PLAN.CONFRM and all related exhibits as instructed in that form.

---

### DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

TO CREDITOR LIENHOLDER/SERVICER _____

[ ] Real property collateral (street address and/or legal description or document recording number, including county of recording):

_____

(attach page with legal description of property or document recording number as appropriate).

[ ] Other collateral

_____

(add description such as judgment date, date and place of lien recording, book and page number):

[ ] 11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

[ ] 11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

*(check all that apply and see LBR Form F 4003-2.4.ORDER.AFTERDISCH):*

[ ] (1) discharge under 11 U.S.C. § 1328, or

[ ] (2) if the value of the "amount of remaining secured claim" listed below is "$-0-" then upon completion of all Plan payments.

Value of collateral: ................................................................................................ $____

Liens reducing equity (to which subject lien can attach):

$ ____ + $ ____ + $ ____ = ($ ____)

Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)): ................ ($ ____)

Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. *(Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.)*

Amount of remaining secured claim (negative results should be listed as $-0-): ............ $____

*Note:* See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                     Page 8                     3015-1.01.CHAPTER13.PLAN

EXHIBIT A
PAGE 8 OF 10

12

D. Other Non-Standard Plan Provisions (*use attachment, if necessary*)

## V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.

Date: 08/01/2018    /S/ RANDOLPH RAMIREZ
Attorney for Debtor(s)

/s/ ARMANDO ANDRADE
Debtor 1

_____
Debtor 2

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 9    3015-1.01.CHAPTER13.PLAN

EXHIBIT A
PAGE 9 OF 10

13

**ATTACHMENT A TO CHAPTER 13 PLAN AND CONFIRMATION ORDER**
(11 U.S.C. §§ 506: VALUATION/LIEN AVOIDANCE BY SEPARATE MOTION(S))

☑ **None.** *If "None" is checked, the rest of this Attachment A need not be completed.*

1. Creditor Lienholder/Servicer: _____.
Subject Lien (*e.g.*, 2ⁿᵈ Lien on 123 Main St.):_____.

2. Creditor Lienholder/Servicer: _____.
Subject Lien (*e.g.*, 2ⁿᵈ Lien on 123 Main St.):_____.

3. Creditor Lienholder/Servicer: _____.
Subject Lien (*e.g.*, 2ⁿᵈ Lien on 123 Main St.):_____.

4. Creditor Lienholder/Servicer: _____.
Subject Lien (*e.g.*, 2ⁿᵈ Lien on 123 Main St.):_____.

5. Creditor Lienholder/Servicer: _____.
Subject Lien (*e.g.*, 2ⁿᵈ Lien on 123 Main St.):_____.

6. Creditor Lienholder/Servicer: _____.
Subject Lien (*e.g.*, 2ⁿᵈ Lien on 123 Main St.):_____.

7. Creditor Lienholder/Servicer: _____.
Subject Lien (*e.g.*, 2ⁿᵈ Lien on 123 Main St.):_____.

8. Creditor Lienholder/Servicer: _____.
Subject Lien (*e.g.*, 2ⁿᵈ Lien on 123 Main St.):_____.

9. Creditor Lienholder/Servicer: _____.
Subject Lien (*e.g.*, 2ⁿᵈ Lien on 123 Main St.):_____.

*(Attach additional pages for more liens/provisions.)*

CERTIFICATION: I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on (date) 08/15/2018

Print name: Randolph Ramirez, 297928
☑ Attorney for Debtor or ☐ Debtor appearing without attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                            Page 10                            3015-1.01.CHAPTER13.PLAN

EXHIBIT A
PAGE 10 OF 10

14

**Fill in this information to identify the case:**

Debtor 1: ARMANDO ANDRADE

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: CENTRAL District of California (State)

Case number: 18-18802 Ch13

## Official Form 410
# Proof of Claim
04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Ford Motor Credit Company, LLC
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor: CAB West LLC

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Ford Motor Credit Company, LLC
Name
PO BOX 62180
Number  Street
COLORADO SPRINGS  CO  80962-4400
City  State  ZIP Code
Contact phone: 1-800-955-8532
Contact email: fcffald@ford.com

Where should payments to the creditor be sent? (if different)
Ford Motor Credit Company, LLC
Name
Dept 55953 P.O. Box 55000
Number  Street
Detroit  MI  48255-0953
City  State  ZIP Code
Contact phone: 1-800-955-8532
Contact email: fcffald@ford.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

EXHIBIT B
PAGE 1 OF 1

15

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No <br> ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | 9 8 9 0 |

7. How much is the claim? $ 2,645.44 . Does this amount include interest or other charges?
   ☑ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   True Lease

9. Is all or part of the claim secured?
   ☑ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:** $ _____
   **Amount of the claim that is secured:** $ _____

   **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $ _____

   **Annual Interest Rate** (when case was filed) _____ %
   ☐ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☐ No
    ☑ Yes. Amount necessary to cure any default as of the date of the petition. $ Arrears:0.00, Misc:0.00

11. Is this claim subject to a right of setoff?
    ☑ No
    ☐ Yes. Identify the property: _____

EXHIBIT B
PAGE 2 OF 7

16

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  08/08/2018
                  MM / DD / YYYY

/s/ ROBERT PATRICK
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Robert | | Patrick |
| | First name | Middle name | Last name |
| Title | Account Services Representative | | |
| Company | Ford Motor Credit Company, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | PO BOX 62180 | | |
| | Number      Street | | |
| | COLORADO SPRINGS | CO | 80962-4400 |
| | City | State | ZIP Code |
| Contact phone | 1-800-955-8532 | Email | fcffald@ford.com |

EXHIBIT  B
PAGE  3 OF 7

**Itemized Statement Required by Bankruptcy Rule 3001 (c) (2) (A) as of Petition Date**

Ford Motor Credit Company, LLC

| | |
|---|---|
| Debtor Name: | ARMANDO ANDRADE |
| Account Number: | 9890 |
| Remaining Payments | 2,645.44 |
| Late Charges: | + 0.00 |
| Fees: | + 0.00 |
| Other: | − 0.00 |
| Amount of Claim: | 2,645.44 |

EXHIBIT B
PAGE 4 OF 7

18

# California Motor Vehicle Lease Agreement

**Lease Date:** /2016

| 1-BL | 000 | Lessee (and Co-Lessee) Name and Address | Lessor Name and Address: |
|---|---|---|---|
| | | ARMANDO ANDRADE | CENTRAL FORD AUTOMOTIVE, INC. |
| | | 11520 LEFFINGWELL RD | 5645 FIRESTONE BLVD |
| | | NORWALK  CA 90650 | SOUTH GATE  CA 90280 |
| | | LOS ANGELES | CABWEST LLC |

**FORD CREDIT**  www.fordcredit.com

"Finance Company" is FORD MOTOR CREDIT COMPANY. The "Holder" is HTD LEASING LLC and its assignes. By signing "You" (Lessee and Co-Lessee) agree to lease this Vehicle according to the terms on the front and back of this lease and the terms of the WearCare Addendum if it is attached to this lease.

| New/Used/Demo | Mileage at Delivery | Year/Make/Model | Vehicle ID # | Vehicle Use |
|---|---|---|---|---|
| NEW | 00020 | 2016 FORD MUSTANG | 1FA6P8AM6G5268432 | PERSONAL |

| 1. Amount Due At Lease Signing or Delivery (Itemized Below) | 2. Monthly Payments | 3. Other Charges (not part of Your monthly payment) | 4. Total of Payments (The amount You will have paid by the end of the lease) |
|---|---|---|---|
| | Your first monthly payment of $ 329.17 is due on 03/06/2016 followed by 35 payments of $ 329.17 due on the 5TH day of each month. The total of Your monthly payments is $ 11,850.12 | Disposition Fee (If You do not purchase the Vehicle) N/A | |
| | | N/A  N/A | |
| | | N/A  N/A | |
| $ 4,100.00 | | Total  N/A | $ 15,270.95 |

**Itemization of Amount Due at Lease Signing or Delivery**

5. Amounts Due At Lease Signing or Delivery:
a. Capitalized cost reduction   $ 2,880.81
b. First monthly payment           329.17
c. Refundable security deposit     350.00
d. Title fees                       N/A
e. Registration fees              272.00
f. California tire fee              8.75
g. Acquisition Fee                  N/A
h. Upfront taxes                  259.27
i. Electronic Vehicle Registration or Transfer Charge (not a governmental fee)  N/A
j. Document Processing Charge (not a governmental fee)  N/A
k. _____ N/A
l. N/A    N/A
m. _____ N/A
Total $ 4,100.00

6. How the Amount Due At Lease Signing or Delivery will be paid:
a. Net trade-in allowance   $ 1,600.00
b. Rebates and noncash credits  1,000.00
c. Amount to be paid in cash    1,500.00
d. N/A                           N/A
Total $ 4,100.00

7. Your monthly payment is determined as shown below:
a. Gross capitalized cost. The agreed upon value of the Vehicle ($ 26,399.00) and any items You pay over the lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance) (itemized below)** ... $ 27,044.00
b. Capitalized cost reduction. The amount of any net trade-in allowance, rebate, noncash credit, or cash that You pay that reduces the gross capitalized cost ... − 2,880.81
c. Adjusted capitalized cost. The amount used in calculating Your base monthly payment ... = 24,163.19
d. Residual value. The value of the Vehicle at the end of the lease used in calculating Your base monthly payment ... − 14,294.50
e. Depreciation and any amortized amounts. The amount charged for the Vehicle's decline in value through normal use and for other items paid over the lease term ... = 9,868.69
f. Rent charge. The amount charged in addition to the depreciation and any amortized amounts ... + 1,002.95
g. Total of base monthly payments. The depreciation and any amortized amounts plus the rent charge ... = 10,871.64
h. Lease payments. The number of payments in Your lease ... ÷ 36
i. Base monthly payment ... = 301.99
j. Monthly sales / use tax ... + 27.18
k. Total monthly payment ... $ 329.17
l. Lease term in months ... 36

**Early Termination.** You may have to pay a substantial charge if You end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier You end the lease, the greater this charge is likely to be.

8. Excess Wear and Use. You may be charged for excessive wear based on our standards for normal use. At the scheduled end of this lease, unless You purchase the Vehicle, You must pay to Lessor $0. _15_ per mile for each mile in excess of _15020_ miles shown on the odometer. See items 22 and 26 on back and the WearCare Addendum if it is attached to this lease for additional excess wear and use items.

9. Extra Mileage Option Credit. At the scheduled end of this lease, You will receive a credit of $0. N/A per unused mile for the number of unused miles between N/A and N/A miles, less any amounts You owe under this lease. You will not receive any credit if the Vehicle is destroyed, if You terminate Your lease early, exercise any purchase option, are in default or the credit is less than $1.00.

10. Purchase Option at End of Lease Term $ 14,294.50 plus official fees and taxes is Your lease end purchase option price. You have the option to purchase the Vehicle from a party designated by Holder for the purchase option price plus a purchase option fee of $ N/A at the end of this lease term if You are not in default.

Other Important Terms. See Your lease documents for additional information on early termination, purchase option and maintenance responsibilities, warranties, late and default charges, insurance, and any security interests, if applicable.

**11. Itemization of Gross Capitalized Cost**

| Agreed Upon Value of the Vehicle As Equipped at the Time of Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease |
|---|---|---|---|
| 26,399.00 | + $ N/A | + $ N/A | + $ N/A |
| Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease |
| + $ N/A | + $ N/A | + $ N/A | + $ N/A |

| Sales/Use Tax & Other Applicable Taxes | Title Fees | License & Registration Fees | Lessor Services | Acquisition Fee |
|---|---|---|---|---|
| + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ 645.00 |

| Document Processing Charge (not a governmental fee) | Outstanding Prior Credit or Lease Balance | WearCare | Agreed Upon Value of N/A | Agreed Upon Value of N/A |
|---|---|---|---|---|
| + $ N/A | + $ N/A | + $ N/A | of N/A  + $ N/A | of N/A  + $ N/A |

| Electronic Vehicle Registration or Transfer Charge (not governmental fee) | | | | Total Gross Capitalized Cost |
|---|---|---|---|---|
| + $ N/A | + $ N/A | + $ N/A | + $ N/A | = $ 27,044.00 |

12. WARRANTY The Vehicle is covered by any warranty indicated below:
☒ Standard new vehicle warranty provided by the manufacturer or distributor of the Vehicle.  N/A
☐ N/A

If the Vehicle is of a type normally used for personal use and the Lessor, or the Vehicle's manufacturer, extends a written warranty or service contract covering the Vehicle within 90 days from the date of this lease, You get implied warranties of merchantability and fitness for a particular purpose covering the Vehicle. Otherwise, You understand and agree that there are no such implied warranties, except as otherwise required by state law.

13. OFFICIAL FEES AND TAXES $ 2,062.50
The estimated total amount You will pay for official and license fees, registration, like and taxes over the term of Your lease, whether included with Your payment or assessed otherwise. The actual total of fees and taxes may be higher or lower depending on the tax rates in effect or the value of the leased property at the time a fee or tax is assessed.

14. This lease contract was negotiated primarily in the language initialed by the Lessee: ___ English
___ Spanish  ___ Chinese  ___ Tagalog
___ Korean  ___ Vietnamese  ___ Other

15. Agreement to Arbitrate: By signing below You agree that, pursuant to the Arbitration provision on the reverse side of this lease, You or we may resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration provision for any additional information concerning the agreement to arbitrate.
Buyer Signs X _____
Co-Buyer Signs X _____

16. LESSOR SERVICES ___ N/A
(See item 21 on back) N/A

17. LATE PAYMENTS You will pay a late charge on each payment that is not received within 10 days after it is due. The charge is 7.8% of the full amount of the scheduled payment or $50.00 whichever is less.

18. VEHICLE INSURANCE MINIMUMS. You must insure the Vehicle during this lease. This insurance must be acceptable to Finance Company and protect You and Holder with (a) comprehensive fire and theft insurance with a maximum deductible amount of $1,000; and (b) collision and upset insurance with a maximum deductible of $1,000; and (c) automobile liability insurance with minimum limits for bodily injury or death of $ 15,000 for any one person and $ 30,000 for any one accident, and $ 5,000 for property damage.

19. Description of Vehicle  2007 CHEVROLET MALIBU   Agreed Upon Gross Value:  1,600.00
or Other Property Trade-in: Year/Make/Model or Other Property Description    See Item 6, above, for net trade-in allowance

AMOUNT OF PAYOFF ON TRADE-IN VEHICLE $ _____
YOU PROMISE THAT THE ABOVE PAYOFF AMOUNT IS THE TRUE PAYOFF AMOUNT ON THE ABOVE-DESCRIBED TRADE-IN VEHICLE OR OTHER PROPERTY TRADE-IN. IF THIS PAYOFF AMOUNT IS NOT CORRECT, YOU PROMISE THAT YOU WILL PAY TO LESSOR ANY ADDITIONAL AMOUNTS DUE UPON DEMAND.

Trade-in, Toy-in and other Individualized Agreements
By X _____  By X _____
Lessee           Co-Lessee

**SIGNATURES AND IMPORTANT NOTICES**

You specifically waive the right to keep any residence address confidential as granted by Section 1808.21 of the California Vehicle Code.

**THERE IS NO COOLING OFF PERIOD**
California law does not provide for a "cooling off" or other cancellation period for Vehicle leases. Therefore, You cannot later cancel this lease simply because You change Your mind, decided the Vehicle costs too much, or wish You had acquired a different Vehicle. You may cancel this lease only with the agreement of the Lessor or for legal cause, such as fraud.

You have the right to return the Vehicle, and receive a refund of any payments made if the credit application is not approved, unless nonapproval results from an incomplete application or from incorrect information provided by You.

Modification: This lease sets forth all of the agreements of Lessor and You for the lease of the Vehicle. There is no other agreement. Any change in this lease must be in writing and signed by You and Finance Company.
Lessee: By X _____ Title: _____
Co-Lessee: By X _____ Title: _____

YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.

(1) Do not sign this lease before You read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this lease; (3) Warning - Unless a charge is included in this lease for public liability or property damage insurance, payment for that coverage is not provided by this lease.

NOTICE: You state that You have been given notice of an assignment of this lease by the Lessor to Holder and a filled-in copy of this lease at the time You sign it.
Lessee: By X _____ Title: _____
Co-Lessee: By X _____ Title: _____

Lessor and Lessee are hereby notified that Holder has assigned to CI Exchange, in its capacity as Holder's qualified intermediary, its rights (but not its obligations) with respect to the purchase of the Vehicle and the sale of the Vehicle at lease termination.
Lessor accepts this lease and assigns it to Holder under the terms of the finance or lease plan agreement between Lessor and Finance Company unless otherwise indicated here: _____.
Lessor: CENTRAL FORD AUTOMOTIVE, INC.   By: X _____ Title: _____

FC 1002-P (FEB 15) Previous editions may NOT be used.  ORIGINAL
CA      PLY 1 - ORIGINAL   PLY 2 - LESSEE   PLY 3 - CO-LESSEE/GUARANTOR COPY   PLY 4 - LESSOR

EXHIBIT B
PAGE 5 OF 7

**VEHICLE MAINTENANCE, INSURANCE AND USE**

21. VEHICLE MAINTENANCE AND OPERATING COSTS
22. DAMAGE REPAIR
23. LESSOR IS NOT PROVIDING VEHICLE INSURANCE OR LIABILITY INSURANCE

**ENDING YOUR LEASE**

24. TERMINATION
25. RETURN OF VEHICLE
26. STANDARDS FOR EXCESS WEAR AND USE
27. YOUR ODOMETER OBLIGATIONS
28. VOLUNTARY EARLY TERMINATION AND RETURN OF THE VEHICLE

**DEFAULT AND LOSS OF VEHICLE**

29. DEFAULT
30. LOSS OR DESTRUCTION OF VEHICLE

**ADDITIONAL INFORMATION**

31. ASSIGNMENT AND ADMINISTRATION
32. TAXES
33. TITLING
34. INDEMNITY
35. SECURITY DEPOSIT
36. CONSUMER REPORTS
37. SERVICING AND COLLECTION
38. GENERAL

**READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY**
**ARBITRATION**

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Lessor/Finance Company/Holder ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration...

**RIGHTS YOU AND WE AGREE TO GIVE UP**
If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:
- RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY
- RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
- BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
- RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
- OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

**RIGHTS YOU AND WE DO NOT GIVE UP:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to such Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the ownership interest in the vehicle, whether by repossession or through a court of law; 3) Right to seek legal action to enforce the arbitrator's decision; 4) Right to request that a court review whether the arbitrator exceeded its authority; and 5) Right to seek remedies in small claims court for disputes of claims within that court's jurisdiction.

You or we may choose the American Arbitration Association, 1-800-778-7879 (www.adr.org), or any other organization subject to our approval, to conduct the arbitration...

FC 15022-P (FEB 15)
Previous editions may NOT be used.    NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION
CA

EXHIBIT ___B___
PAGE ___6 OF 7___

20

TO PROPERLY RELEASE YOUR LIABILITY - PLEASE READ AND FOLLOW INSTRUCTIONS ON REVERSE SIDE
SECTIONS A-J MUST BE COMPLETED IN FULL    PRINT IN CAPITAL LETTERS    USE BLACK OR BLUE INK

# NOTICE OF TRANSFER AND RELEASE OF LIABILITY

MAIL THIS PORTION TO DMV-OR-FILE ONLINE AT dmv.ca.gov

A NEW OWNER'S LAST NAME (OR) COMPANY NAME     FIRST
B NEW OWNER'S ADDRESS                          APT NUMBER    C ODOMETER READING (NO TENTHS)
D CITY                    STATE    ZIP CODE                  E DATE OF SALE OR LEASE RETURN
F SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME    FIRST    G SELLING PRICE (NO CENTS)
H SELLER'S OR LESSEE'S ADDRESS                 APT NUMBER    I SELLER'S OR LESSEE'S SIGNATURE  X
J CITY                    STATE    ZIP CODE

VEHICLE ID NUMBER            YR MODEL  MAKE    PLATE NUMBER
1FA6P8AM6G5268432            2016      FORD

REG 138A (REV 10/2012)

## STATE OF CALIFORNIA
## CERTIFICATE OF TITLE

AEJ160329AS    VEHICLE HISTORY

AUTOMOBILE
VEHICLE ID NUMBER           YR MODEL   MAKE    PLATE NUMBER
1FA6P8AM6G5268432           2016       FORD
BODY TYPE MODEL  AX  UNLADEN WEIGHT  FUEL  TRANSFER DATE  FEES PAID   REGISTRATION EXPIRATION DATE
2D                                   G                    NONE
YR 1ST SOLD  CLASS  *YR  MO  EQUIPMT/TRUST NUMBER   ISSUE DATE
2016         HA          XP                         03/29/16

MOTORCYCLE ENGINE NUMBER             ODOMETER DATE    ODOMETER READING
                                     03/06/2016       20 MI
                                     ACTUAL MILEAGE

REGISTERED OWNER(S)
CAB WEST LSR
ANDRADE DIANA
OR ANDRADE ARMANDO LSE
11520 LEFFINGWELL RD
NORWALK CA 90650

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. _____ X _____
      DATE         SIGNATURE OF REGISTERED OWNER
1b. _____ X _____
      DATE         SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads |__|__|__|,|__|__|__| (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

WARNING  ☐ Odometer reading is not the actual mileage.  ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

**IMPORTANT READ CAREFULLY**
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.
LIENHOLDER(S)

HTD LSG LLC
PO BX 105704
ATLANTA
GA 30348

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

023899    CA164707504
          REG. 17 30RS (REV 10/2012)    EXHIBIT B
                                         2 OF 7

KEEP IN A SAFE PLACE - VOID IF ALTERED

21